IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JHENSY SAILLANT,** | : | CIVIL ACTION NO. 1:20-CV-871 |
| | : | |
| Plaintiff[ | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SHON TRUSLE**, *et al.*, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

This is a civil rights case in which an immigration detainee alleges that he was subjected to excessive force in violation of the Eighth Amendment. Two defendants have moved to dismiss the complaint. The motion will be granted, though not for the reasons advanced by defendants. The court will also grant plaintiff leave to file an amended complaint.

### I. Factual Background & Procedural History

*Pro se* plaintiff Jhensy Saillant is an immigration detainee who is currently detained at the Lasalle ICE Processing Center in Jena, Louisiana. At all times relevant to this lawsuit, he was detained at the York County Prison in York, Pennsylvania.

On the afternoon of December 23, 2018, Saillant was standing outside of his cell when he was approached by correctional officer Shon Trusle. (Doc. 8 at 4–5). According to the amended complaint, Trusle grabbed Saillant's arm and asked to see his armband. (*Id.*) Saillant verbally complained about the force that Trusle

used in grabbing his arm, and Trusle then ordered Saillant to go sit on a bench outside of the housing unit. (*Id.* at 5).

As Saillant walked to the bench, Trusle purportedly followed him and continually pushed him in the back. (*Id.*) As he did so, Trusle allegedly said "you do not know who you fucking with, you fucking with the wrong one." (*Id.*) Saillant turned around and asked Trusle, "what is your problem?" (*Id.*) Trusle then allegedly "slammed [Saillant] to the ground face down." (*Id.*) Saillant suffered injuries to his right foot, chest, right leg, left ankle, and back as a result of the incident. (*Id.* at 6–7).

Saillant initiated the present case in May 2020,[1] and the court received his complaint on May 29, 2020. The complaint named as defendants Trusle; Simona Flores, who was identified as the field director for United States Immigration and Customs Enforcement ("ICE"); and L. Francis Cissna, who was identified as the director of ICE. (*Id.* at 2–3).

Saillant filed an amended complaint on July 7, 2020. Defendant Trusle answered the amended complaint on September 16, 2020. Defendants Flores and Cissna moved to dismiss the complaint for lack of subject matter jurisdiction on September 22, 2020, asserting that they are entitled to immunity under the Eleventh

---

[1] It is unclear from the complaint which date it was submitted to prison officials for mailing. At various points in the complaint, the date of submittal appears to be listed as May 22, 2020, May 23, 2020, May 25, 2020, and May 26, 2020. (See Doc. 1 at 4, 5, 8).

Amendment. Briefing on the motion is complete, and it is ripe for the court's disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject matter jurisdiction. See FED. R. CIV. P. 12(b)(1). Such jurisdictional challenges take one of two forms: (1) parties may levy a "factual" attack, arguing that one or more of the pleading's factual allegations are untrue, removing the action from the court's jurisdictional ken; or (2) they may assert a "facial" challenge, which assumes the veracity of the complaint's allegations but nonetheless argues that a claim is not within the court's jurisdiction. Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015) (quoting CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008)). In either instance, it is the plaintiff's burden to establish jurisdiction. See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Courts may grant a Rule 12(b)(1) motion based on the legal insufficiency of a claim only when it appears with certainty that assertion of jurisdiction would be improper. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

A defendant may properly raise the jurisdictional defense of Eleventh Amendment immunity in a motion to dismiss pursuant to Rule 12(b)(1). See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)); see also Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs., 730 F.3d 291, 318 (3d Cir. 2013) (citing Blanciak, 77 F.3d at 693 n.2).

**III.    Discussion**

Moving defendants' motion to dismiss asserts that Saillant's claims against them should be construed as official capacity negligence claims under the Federal Tort Claims Act ("FTCA").  (Doc. 19 at 5–6).  Moving defendants argue that they are entitled to sovereign immunity as to such claims because the United States is the only proper defendant for FTCA claims.  (*Id.* at 6).  They also argue that Saillant has failed to exhaust administrative remedies under FTCA.  (*Id.* at 6–7).

Moving defendants' arguments for dismissal are rejected, as the court disagrees that Saillant's claims should be construed as FTCA claims.  Plaintiffs seeking damages for wrongful acts committed by federal officers are not limited to bringing FTCA claims against the United States; they may also bring Bivens claims[2] against the individual officers.  Corr. Servs. Corp v. Malesko, 534 U.S. 61, 68 (2001); Bistrian v. Levi, 912 F.3d 79, 92 (3d Cir. 2018).  There is no indication in Saillant's amended complaint that he intended to bring an FTCA claim against the United States.  Rather, it appears from the face of the amended complaint that Saillant intended to bring Bivens claims against individual defendants Trusle, Flores, and Cissna.  When Saillant's claims are construed in that manner, dismissal for the reasons advanced by defendants is inappropriate.

---

[2] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

We will nevertheless dismiss Saillant's claims against the moving defendants because they fail to state <u>Bivens</u> claims for which relief may be granted.[3]  Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must review complaints brought *in forma pauperis* and dismiss them "at any time" if the court concludes that they fail to state claims for which relief may be granted.  To state a <u>Bivens</u> claim for which relief may be granted, a plaintiff must allege, *inter alia*, that the defendant was personally involved in the violation of the plaintiff's rights through the defendant's own unconstitutional conduct.  <u>Wood v. Moss</u>, 572 U.S. 744 763 (2014).  The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009).  We will thus dismiss the claims against defendants Flores and Cissna because the only allegations against them are that they had supervisory authority over Trusle as high-ranking ICE officials.  (<u>See</u> Doc. 8 at 3).

We will, however, grant Saillant leave to amend his claims against Flores and Cissna.  Before dismissing a civil rights claim for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  <u>Phillips v. Cty of Allegheny</u>, 515 F.3d 224, 245 (3d Cir. 2008).  Leave to amend is appropriate here because Saillant's claims against Flores and Cissna are factually, rather than legally, deficient.

---

[3] The court assumes without deciding that a <u>Bivens</u> claim is cognizable in this case.  <u>See generally, e.g.</u>, <u>Hernandez v. Mesa</u>, 589 U.S. __, 140 S. Ct. 735 (2020); <u>Bistrian</u>, 912 F.3d at 79.

## IV.     Conclusion

We will grant moving defendants' motion to dismiss, dismiss the claims against the moving defendants without prejudice, and grant Saillant leave to amend his complaint.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     August 23, 2021