IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JHENSY SAILLANT,** | : | CIVIL ACTION NO. 1:20-CV-871 |
| | : | |
| **Plaintiff[** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SHON TRUSLE,** *et al.*, | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

This is a civil rights case in which a former immigration detainee alleges that he was subjected to excessive force in violation of the Eighth Amendment. Following the return to the court of mail that was addressed to plaintiff, the court ordered plaintiff to update his address and warned that failure to do so would result in the dismissal of this matter for failure to prosecute. Plaintiff has not updated his address, and the court will accordingly dismiss this case for failure to prosecute.

**I.**     **Factual Background & Procedural History**

*Pro se* plaintiff Jhensy Saillant is a former immigration detainee who was detained at the York County Prison in York, Pennsylvania at all times relevant to this lawsuit. Saillant initiated this case in May 2020[1] by filing a complaint against defendants Shon Trusle, Simona Flores, and L. Francis Cissna. The complaint alleged that Trusle had used excessive force against Saillant during an incident on

---

[1] It is unclear from the complaint which date it was submitted to prison officials for mailing. At various points in the complaint, the date of submittal appears to be listed as May 22, 2020, May 23, 2020, May 25, 2020, and May 26, 2020. (See Doc. 1 at 4, 5, 8).

December 23, 2018. Saillant amended the complaint on July 7, 2020, and defendants Flores and Cissna moved to dismiss. We granted the motion to dismiss on August 23, 2021, dismissed the claims against Flores and Cissna without prejudice, and granted Saillant leave to file an amended complaint. Copies of the memorandum and order were mailed to Saillant at the LaSalle ICE Processing Center in Jena, Louisiana, which at that point was listed as Saillant's address.

On September 15, 2021, the copies of the memorandum and order were returned to the court with the handwritten notation "Not Here." Upon receiving the returned mail, the court conducted an independent search of ICE's inmate detainee locator system, which indicated that Saillant was no longer in ICE custody. (Doc. 27 at 1). The court issued an order noting that the court's standing practice order obligated plaintiff to keep the court informed of his current address and that a failure to do so would be treated as abandonment of the lawsuit. (Id.) The court accordingly ordered plaintiff to inform the court of his present address on or before October 18, 2021 and stated that a failure to do so would result in the dismissal of the case for failure to prosecute. That deadline has since passed, and plaintiff has not informed the court of his present address.

## II. Legal Standard

Federal courts may *sua sponte* dismiss a claim for a plaintiff's failure to prosecute. Link v. Wabash R. Co., 370 U.S. 626, 630 (1962). In determining whether dismissal for failure to prosecute is appropriate, the court must consider six factors, commonly referred to as the Poulis factors:

> (1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original).  The six Poulis factors are weighed together as a whole: no single factor is dispositive and not all of the factors need to weigh in favor of dismissal for the case to be dismissed.  Hildebrand v. Allegheny Cty., 923 F.3d 128, 132 (3d Cir. 2019) (citing Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008)).

### III.   Discussion

This case will be dismissed for failure to prosecute based on review of the Poulis factors.  First, as a *pro se* litigant, Saillant bears personal responsibility for his failure to litigate the case.  Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).  Second, Saillant's failure to update his address causes prejudice to defendants, as it prevents defendants from litigating the case and causes continued uncertainty as to whether they will be held liable for Saillant's claims.  Third, Saillant has shown a clear history of dilatoriness, as he has been out of ICE custody for several weeks, if not longer, and has failed to update his address during that period.  Fourth, Saillant's actions are willful, as the court's standing practice order clearly informed Saillant of his obligation to continually update his mailing address, and Saillant has failed to comply with that directive.  Fifth, no alternative sanctions would be effective: injunctive or monetary sanctions would almost certainly have no effect on Saillant's behavior because the court has no way to reach Saillant.  Sixth,

and finally, the meritoriousness of Saillant's claim is neutral. His claims against defendants Flores and Cissna were dismissed without prejudice, but his claims against Trusle were allowed to proceed, which indicates that there is at least some merit to his claims.

In sum, the court finds that the first five <u>Poulis</u> factors weigh in favor of dismissal for failure to prosecute, while the sixth factor—the meritoriousness of Saillant's claim—is neutral. Taking all the factors together, we conclude that they weigh in favor of dismissal.

## IV. <u>Conclusion</u>

We will dismiss this case with prejudice for failure to prosecute. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    October 25, 2021